## CHARLES R. HOYT *vs.* ROSA GUARNIERI.

Third Judicial District, Bridgeport. April Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Section 671 of the General Statutes provides that when a justice of the
peace shall not be re-elected, all process, actions, and matters which
have been begun by, or brought before him, before the expiration of
his term of office, may be proceeded with by him in the same manner
as if he were still in office. *Held :*—

1. That for the purposes therein prescribed, this statute in legal effect
extended the ordinary term of justices of the peace, and conferred
jurisdiction upon them to proceed to final judgment and execution in
cases which had been brought before them before their ordinary term
of office expired.
2. That an action commenced February 28th and made returnable on
March 16th, in which the writ and complaint was served and returned
to the justice before March 4th, was one "brought before" the justice
"before the expiration of his term of office," within the meaning of
the foregoing statute.

[Argued April 23d—decided June 5th, 1896.]

ACTION of *scire facias* brought originally before a justice
of the peace, and thence by the defendant's appeal to the
Court of Common Pleas in Fairfield County, where the case
was tried to the court, *Curtis J.;* facts found and judgment
rendered for the defendant, and appeal by the plaintiff for
alleged errors in the rulings of the court. *Error and judgment reversed.*

The opinion states the case.

*Joseph A. Gray,* for the appellant (plaintiff).

*H. Whitmore Gregory,* for the appellee (defendant).

TORRANCE, J. This is an action of *scire facias* against
the defendant as garnishee. It was brought originally before a justice of the peace in Fairfield county, and came
thence by appeal to the Court of Common Pleas of that
county, where the judgment from which the present appeal
is taken, was rendered in favor of the defendant.

The principal question upon this appeal relates to the construction of § 671 of the General Statutes, and the facts out of which the question arises are the following :—

The original writ, in which the present defendant was made garnishee, was issued and dated on the 28th of February, 1895, and was made returnable on the 16th of March, 1895, before a justice of the peace whose term of office (he not having been re-elected) expired on the 4th of March, 1895. The writ was duly served and returned to the justice before his term of office expired. Upon the return day neither the defendant in that suit, nor the present defendant as garnishee, appeared, and thereupon judgment was rendered in favor of the plaintiff, execution was at once issued, and all necessary steps taken to fix the liability of the garnishee. She, however, refused to pay, and thereupon the present proceeding was brought.

Upon the trial below, the principal question was whether the justice before whom the original suit was brought, had jurisdiction, under § 671 of the General Statutes, to render judgment therein and to issue execution after his term of office had expired. The court held that he had not, and for this reason alone rendered judgment for the defendant; and in this we think the court erred.

As originally passed in 1851, that section reads as follows: " That whenever any justice of the peace shall not be re-elected, all processes, suits and matters whatsoever, which shall have been begun by such justice of the peace, or which shall have been made returnable to him before the expiration of his office, may be proceeded with by said justice of the peace, to final judgment and execution, in the same manner as if the said justice had been re-elected and continued in office." Public Acts of 1851, Chap. 14. This enactment remained in this form down to 1875, when it was changed by the revisers substantially to its present form. Revision of 1875, p. 36, § 10. It now reads as follows: " When any justice of the peace shall not be re-elected, all processes, actions, and matters, which have been begun by, or brought before him, before the expiration of his term of office, may

be proceeded with by him in the same manner as if he were still in office." We are of opinion that this change of phraseology does not import any change of meaning, and therefore that the present Act must be construed as if no change in phraseology had been made. *Westfield Cemetery Asso.* v. *Danielson*, 62 Conn., 319. In effect then, this statute provides that all actions which shall have been brought before a justice of the peace, that is which shall have been made returnable to him, "before the expiration of his term of office," may be proceeded with by him "to final judgment and execution" in the same manner as if he had been re-elected and continued in office. The court below seems to have held that an action was not "brought before," or "made returnable to" a justice, for any purpose until the return day; but this we think is not so. For certain purposes an action may be said to be "pending before," "brought before," or "made returnable to," a justice, prior to the return day. For instance, § 674 of the General Statutes speaks of a case as "pending" before a justice for the purpose of trial by agreement of parties, before the designated day of trial; § 679 speaks of such an action as "pending" before the return day, for the purpose of making a motion to have a jury summoned; while in § 669 a process is spoken of prior to the return day, as one "made returnable" before a justice; and the same thing is done in § 686, where "all civil process returnable to a justice of the peace" is directed to be served at least six days inclusive before the sitting of the court. The statute in question is a remedial one, and to be an effectual remedy for the evils and inconveniences it was designed to meet, it should receive a liberal construction. We think the original action, upon which this *scire facias* proceeding is based, was, within the meaning of this statute, an action brought before the justice "before the expiration of his term of office," and therefore that he had jurisdiction to render judgment and to issue execution as he did. The construction contended for by the defendant is too narrow and would almost inevitably work harm and inconvenience; while it is

very difficult to see how any evil effects to any person can flow from the construction here put upon the statute.

Counsel for the defendant, in their brief, claim that even if the justice had jurisdiction to render the judgment in question, he had none to issue execution, because of the provisions of Chap. 37 of the Public Acts of 1889.

That Act applies we think only to judgments rendered· by a justice before he " ceased to hold office ; " it has no application to the present case, because the justice here, *quoad* the case in which he rendered judgment, had not " ceased to hold office." The tenth amendment to the Constitution of this State relating to the appointment of justices of the peace, provides that " the period for which they shall hold their offices, shall be prescribed by law." In effect, the section in question extends the term of justices of the peace with reference to cases falling within its provisions; it in effect prescribes by law the period for which they shall hold office, within the meaning of the Constitution.

There is error in the judgment complained of and it is reversed.

In this opinion the other judges concurred.